UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMARRI HARRIS,

Plaintiff,

v.

COUNTY OF KENT, et al.,

Defendants.
_________________________________/

Case No. 1:25-cv-794

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Defendants' alleged failure to treat Plaintiff's back injury. Plaintiff's case was referred to a Magistrate Judge on July 22, 2025 (ECF No. 5). Defendants, other than John Doe, moved to dismiss Plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 17, 18, 25). The Magistrate Judge issued a Report and Recommendation on May 28, 2026 (ECF No. 62) recommending dismissal of Counts I and II with prejudice for failing to state a claim, and dismissal of Count III without prejudice after declining to exercise supplemental jurisdiction.

Meanwhile, the Magistrate Judge issued an Order to Show Cause (OSC) (ECF No. 61) why Defendant Deputy John Doe should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The OSC's return date was June 22, 2026 (*id.*). Because Plaintiff failed to respond to the OSC, the Magistrate Judge issued a second Report and Recommendation on June 22, 2026 recommending dismissal of Defendant Doe without prejudice (ECF No. 65).

The matter is presently before the Court on Plaintiff's objections to the May 28, 2026 and June 22, 2026 Reports and Recommendations (ECF Nos. 63, 70). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections and issues this Opinion and Order. Because the Opinion and Order resolve all pending claims, the Court also enters a Judgment.

## I. Plaintiff's Objections to the May 28, 2026 Report and Recommendation

*Objection No. 1*: Plaintiff asserts that "[t]he [May 28, 2026] R&R improperly resolves factual disputes and ignores specific allegations regarding the 'Objective Component' of Plaintiff's Eighth Amendment claim" (Pl.'s Objs. (First Objs.) [ECF No. 63] at PageID.411). Specifically, Plaintiff believes that the Magistrate Judge erred when he determined that "Plaintiff 'offers no details regarding the nature of the back injury' and fails to establish a 'sufficiently serious' medical need" (*id.* (citing the May 28, 2026 R&R, ECF No. 62 at PageID.389)). According to Plaintiff, "[a] violent trauma, like the one plead here, resulting in immediate, agonizing back pain that prompts an emergency call satisfies" the objective component of Plaintiff's deliberate indifference claim (*id.* at PageID.412). Plaintiff is incorrect, and Plaintiff's first objection is denied.

As set forth by the Magistrate Judge, to plead his Eighth Amendment claim in Count I, Plaintiff must plausibly allege that each Defendant was deliberately indifferent to his serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)), which includes both a subjective and objective component, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component may be satisfied "where plaintiff's claims arise from an injury or illness 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention' . . . ." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899–900 (6th Cir.

2004) (citing *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)). In obviousness cases, "the plaintiff need not present verifying medical evidence . . . ." *Id.*

Plaintiff alleges in the First Amended Complaint (FAC) that "[he] was suddenly and viciously attacked by Shaw," Plaintiff's cellmate (FAC [ECF No. 15] ¶ 18), who "act[ed] violently and push[ed] Plaintiff into a desk, thereby injuring Plaintiff" (*id.* ¶ 19). The FAC's allegations elaborate no further on Plaintiff's injury besides alleging that Defendants failed to adequately treat Plaintiff's back injury (*id.* ¶¶ 21–29). Notably, the FAC does not allege any "violent trauma" or "agonizing back pain," as Plaintiff implies in his Objections (First Objs., ECF No. 63 at PageID.412).

The Magistrate Judge correctly observed that "[a] back injury can take many forms from slight bruising, to broken bones, to damage to the spinal cord" (May 28, 2026 R&R, ECF No. 62 at PageID.390). Whereas damage to the spinal cord may be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention," *Blackmore*, 390 F.3d at 899–900 (citation omitted), slight bruising does not so obviously call for medical care. *See Lockett v. Suardini*, 526 F.3d 866, 877 (6th Cir. 2008) (citing *Blackmore*, 390 F.3d at 898) ("Lockett's allegations of minor cuts and lacerations do not support his claim that his injuries were, objectively speaking, sufficiently serious to necessitate medical treatment."). Plaintiff's objection reveals no error in the Magistrate Judge's conclusion that the FAC does not contain sufficient factual material to plausibly conclude that Plaintiff's back injury was so severe that a layperson would easily recognize that a doctor was necessary. Plaintiff's first objection is denied.

*Objection No. 2*: Plaintiff claims that "[t]he [May 28, 2026] R&R errs by characterizing this case as a mere 'difference of medical opinion' under the Subjective Component" (First Objs., ECF No. 63 at PageID.412). According to Plaintiff, he never received "*actual* medical care" (*id.*).

Plaintiff's objection does not have merit. The Magistrate Judge observed that Plaintiff saw a physician the same day he was injured and another jail doctor who told Plaintiff to continue taking ibuprofen (May 28, 2026 R&R, ECF No. 62 at PageID.389). Plaintiff does not explain why his visits to the doctor are not "*actual* medical care" (First Objs., ECF No. 63 at PageID.412 (emphasis in original)). The Magistrate Judge correctly determined, therefore, that Plaintiff "received some medical attention" (May 28, 2026 R&R, ECF No. 62 at PageID.389). Plaintiff's second objection is denied.

*Objection No. 3*: Plaintiff argues that the May 28, 2026 Report and Recommendation incorrectly dismissed Plaintiff's *Monell* claim against Kent County (First Objs., ECF No. 63 at PageID.413). Plaintiff's objection does not identify any error.

As the Magistrate Judge explained, Plaintiff must demonstrate that Kent County adopted a policy or custom that caused one of its employees to violate Plaintiff's constitutional rights (May 28, 2026 R&R, ECF No. 62 at PageID.391–392 (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)). Plaintiff alleges in the FAC that Kent County failed to adequately train and supervise its employees (FAC ¶¶ 40–46). The Magistrate Judge committed no error by stating that Plaintiff fails to specify what training Kent County failed to provide (May 28, 2026 R&R, ECF No. 62 at PageID.392). Nor does the Magistrate Judge err by characterizing as conclusory Plaintiff's allegation that the need for additional training was obvious (*id.*).

In his Objection, Plaintiff additionally points to only one non-conclusory allegation purporting to show an unconstitutional policy: an alleged statement by Practitioner Amy, an employee of Kent County's medical contractor, that "her employer instructs staff to 'only mask conditions until inmates are released'" (First Objs., ECF No. 63 at PageID.413 (quoting FAC ¶

27)). This lone statement by an employee of Kent County's medical contractor is insufficient to establish Kent County's policy or custom. Plaintiff's third objection is denied.

*Objection No. 4*: According to Plaintiff, "[b]ecause the [f]ederal [c]laims are [l]egally [s]ufficient, the Court [s]hould [r]etain [s]upplemental [j]urisdiction [o]ver the [g]ross [n]egligence [c]laim" (First Objs., ECF No. 63 at PageID.414). The objection, premised on the success of Plaintiff's federal claims, fails along with those claims. Plaintiff's fourth objection is denied.

*Objection No. 5*: In this objection, Plaintiff requested an extension to serve Defendant Doe. Because the June 22, 2026 Report and Recommendation recommends dismissal of Plaintiff's claims against Defendant Doe for failure to serve him, the Court will address this objection below.

**II. <u>Plaintiff's Objection to the June 22, 2026 Report and Recommendation</u>**

In the June 22, 2026 Report and Recommendation, the Magistrate Judge recommends that Defendant Doe be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) because, even after the Magistrate Judge issued the OSC, Plaintiff failed to identify and serve Defendant Doe (June 22, 2026 R&R, ECF No. 65 at PageID.419–420). In his objection, "Plaintiff recognizes his procedural obligation to respond to this Court's directives" (Pl.'s Objs. (Second Objs.) [ECF No. 70] at PageID.566). Nonetheless, Plaintiff argues that "[his] failure to timely file a formal answer to the May 26, 2026 Show Cause Order constitutes 'excusable neglect' under Federal Rule of Civil Procedure 6(b)(1)(B)" (*id.*). According to Plaintiff, his neglect was "excusable" because there is "an unassailable record of a clear, multi-party agreement between all active counsel" to stay discovery that could have identified Defendant Doe (*id.*). Plaintiff also asserts that the Court should exercise its discretion to extend the service deadline (*id.*).

Plaintiff's objections to the June 22, 2026 Report and Recommendation are denied. Under Rule 41.1 of the Western District of Michigan's Local Civil Rules,

> [a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs.

W.D. Mich. LCivR 41.1. The Magistrate Judge issued the OSC asking Plaintiff to justify his failure to serve Defendant Doe under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff did not respond to the OSC. Therefore, this Court may—and will—enter an order of dismissal with respect to Defendant Doe. *See generally Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court.").

Furthermore, Federal Rule of Civil Procedure 4(m) requires dismissal. This Rule provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Nevertheless, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts retain discretion to extend the service deadline even if the plaintiff fails to establish good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568–69 (6th Cir. 2022) (outlining seven-factor test for determining whether to grant discretionary extension).

Plaintiff does not argue that he has "good cause" to extend the service deadline (Second Objs., ECF No. 70 at PageID.567). He instead asks the Court to use its discretion to give additional time under *Oakland Physicians* (*id.*). However, Plaintiff had nearly a year to serve Defendant Doe before the Magistrate Judge issued the June 22, 2026 Report and Recommendation (*see* ECF No. 1 (dated July 16, 2025)). Plaintiff's only excuse is that he voluntarily suspended a deposition of

unspecified Kent County personnel (Second Objs., ECF No. 70 at PageID.567). But Plaintiff explains neither why he waited so long to start identifying Defendant Doe nor how the deposition will help him accomplish service of process. Hence, considering the *Oakland Physicians* factors, the Court declines to exercise its discretion to extend the service deadline.

Accordingly, this Court adopts the Magistrate Judge's May 28, 2026 and June 22, 2026 Reports and Recommendations as the Opinions of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the May 28, 2026 Report and Recommendation (ECF No. 63) are DENIED and the May 28, 2026 Report and Recommendation of the Magistrate Judge (ECF No. 62) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the June 22, 2026 Report and Recommendation (ECF No. 70) are DENIED and the June 22, 2026 Report and Recommendation of the Magistrate Judge (ECF No. 65) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (ECF Nos. 17, 18, 25) are GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: August 19, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge